HERBERT FELKEL v. INEZ ABERNETHY

150 So. 631.
Division A.
Opinion Filed October 17, 1933.

O. K. Whitfield and Robert H. Anderson, for Plaintiff in Error;

Wallace E. Sturgis for Defendant in Error.

DAVIS, C. J.—Suit was brought in the Circuit Court of Marion Conuty on a promissory note reading as follows:

"St. Augustine, Fla., June 1, 1927, $1500.00.

Two years after date, we promise to pay to the order of Inez Abernethy fifteen hundred dollars with interest, at the rate of six per cent. per annum, payable on maturity, for value received, negotiable and payable at *The St. Augustine National Bank;* and, if not paid at maturity, this note may be placed in the hands of an attorney-at-law for collection, and in that event it is agreed and promised, by the maker or makers, to pay an additional sum of_____Dollars for attorney's fees, and hereby expressly waive the right or privilege to be sued in the county where defendant resides.

MYRTIE WARREN FELKEL,

HERBERT FELKEL."

The note was attached to and made a part of plaintiff's declaration.

Pleas were filed in abatement and also in bar of the action. Demurrers to the pleas were sustained and final judgment for plaintiff on the demurrers were entered. On writ of error it is contended that the ruling sustaining the demurrers was erroneous.

This Court in the case of County of Okeechobee v. Florida Natl. Bank, 102 Fla. 309, 150 Sou. Rep. 124, has recently held that a statutory privilege of being sued in a particular county may be waived by the express or by the implied terms of a contract, which will operate as an estoppel against the right to plead the privilege, as against an action on the contract. So the plea in abatement in this case was properly held bad, it appearing from the terms of the promissory note sued on, and made a part of the declaration, that the defendant's right to plead his privilege of being sued in any particular county, has been expressly waived, in and by the note sued on. Section 6765, C. G. L., 4679 R. G. S., seems to expressly recognize the right of an

obligor, in executing a negotiable instrument, to therein waive "the benefit of any law intended for the advantage or protection of the obligor" without destroying the negotiable character of the instrument.

The plea in bar in substance avers that the note was never delivered as a negotiable instrument although executed in form and substance as such. Facts showing how this was so, are set up in detail in the plea, by which it is made to appear that the promissory note was merely executed for the purpose of representing the amount of plaintiff's beneficial interest in certain real estate which defendant had bought for plaintiff and held in trust for her, the purchase price paid being $1500.00 in money furnished by plaintiff, an equal amount furnished by defendant, with title to the real estate having been taken in name of defendant to be held by him under a constructive trust for plaintiff's use and benefit.

The plea in legal effect sets up a conditional delivery to plaintiff of the promissory note sued upon. The transaction set up in the plea has reference solely to the consideration for and validity of the alleged promissory note sued on, as against the defendant who executed it, and turned it over to plaintiff under the circumstances stated in the plea. These circumstances, as pleaded, are not set up for the purpose of varying the terms of the note itself, but simply to show that the plaintiff's title to the note is defective, in that such note has never been unconditionally delivered as a negotiable instrument between the immediate parties to it, who are the sole parties to this litigation.

This Court has held that a conditional delivery of a promissory note may be pleaded in defense of an action on the note, even as against a holder who took it with knowledge

of the circumstances affecting its enforceability. Sumter County State Bank v. Hays, 68 Fla. 473, 67 Sou. Rep. 109.

Upon the same principle of law, a plea of like character ought to be held good as a defense between the maker and the payee, who are the immediate parties to the transaction in which the note was given. For this reason the demurrer to the plea in bar should not have been sustained in this case.

Reversed for appropriate proceedings.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.