**PRODUCERS SUPPLY, INC., a Florida Corporation, v. A. W. HARZ.**

6 So. (2nd) 375                          En Banc
February 24, 1942          Rehearing Denied March 13, 1942

Alvan B. Rowe, for appellant.
Maguire, Voorhis & Wells, for appellee.

TERRELL, J.:

J. Schnarr and Company, is a Florida Corporation having its main office at Orlando, Florida. Producers Supply, Inc., is a Florida Corporation having its main office in Palmetto, Florida. J. Schnarr and Company shipped goods to Producers Supply Inc., under consignment contract whereby the latter was to sell the goods and make monthly remittances for those sold and the amount of stock left on hand to the former.

The business between them was carried on in this manner for several years. In April, 1940, Producers Supply Inc., owed J. Schnarr and Company $688.72, part of which was on open account and the balance by promissory note given to cover open account. A check was given for the full amount but payment was stopped by the maker for reasons that have nothing to do with this case. J. Schnarr and Company assigned the claim to A. W. Harz, one of its agents who

brought this action in assumpsit in Orange County, the declaration being in the common counts, and on account for attorney's fees.´ A plea of privilege claiming the right to be sued in Manatee County was filed by defendant, a jury was waived, and trial on the issue so made resulted in a final judgment for the plaintiff to which this writ of error was prosecuted.

Twelve questions are argued by the plaintiff in error but they all turn on that of whether or not defendant had a right to be sued in Manatee County instead of Orange County where the action was brought and the judgment secured.

It appears to be admitted by plaintiff in error that if the action had been brought on an express contract that was silent as to the place of payment, it could have been brought in Orange County but it contends that since the action was brought on the common counts rather than special assumpsit, a different rule applies.

It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary, but in the absence of such a specification, a cause of action accrues where the breach of contract accrues or where the payee resides and a suit based on failure to pay may be brought where such failure accrues. Baruch v. W. B. Haggerty, Inc., 137 Fla. 799, 188 So. 797; Croker v. Powell, 115 Fla. 733, 156 So. 146; Indian Lumber· Company v. Roux, 106 Fla. 77, 143 So. 142.

Since we hold that the action was properly brought in Orange County and there is no dispute about the amount due or the size of the judgment except as to attorneys' fees, a review of the evidence becomes im-

material. If a defendant has no defense to or does not challenge the amount of a claim, it matters not what judge enters a judgment for it if he has jurisdiction to do so. It is not material that part of the claim was embraced in a promissory note since that was given to cover a portion of the open account and did not relieve the obligation. This being the case, Section 4223 (1) Compiled General Laws of 1927 has no application.

In answer to the resistance to that part of the judgment allowing attorney's fees, it is sufficient to say that the invoice for the goods delivered to appellant which it approved provided for a "reasonable attorney's fee." A claim therefor was made, it was supported by proof and the amount is not charged to be unreasonable. On the whole, no harmful error is shown so the judgment is affirmed.

WHITFIELD, BUFORD, CHAPMAN, THOMAS, and ADAMS, JJ., concur.

BROWN, C. J., dissents.