112 So.2d 36 (1959)
Morris GATES and Anna Gates, as Trustees of Seminole Beach Land Trust, Appellants,
v.
STUCCO CORP., an Illinois corporation, Authorized to do business in the State of Florida, Appellee.
No. 59-127.
District Court of Appeal of Florida. Third District.
May 19, 1959.
*37 Crouch & Ward, Hallendale, for appellants.
Beigel & Teitelman, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
Appellants, lessors, entered into a written lease with the appellee, lessee. The lease was for a period of ten years and covered a motel property located in Broward County. One provision of the lease required the lessee to deposit with the lessors the sum of $60,000 as "security for faithful performance of its covenants." At the time of the making of the lease, appellants resided in Dade County and appellee was an Illinois corporation authorized to do business in Florida.
The lessee filed this suit in Dade County, seeking a decree declaring the lease to be breached and terminated, and an accounting and return of the security deposit. The complaint charged that the lessors had breached the lease by their premature effort in Broward County to terminate the lease, and by refusing to produce required information for a condition appraisal of the property.
The lessee's Dade County suit was met by a motion of the defendants to dismiss for improper venue, contending for the privilege to be sued in the county of their residence under § 46.01, Fla. Stat., F.S.A. The motion was supported by an affidavit asserting that defendants were residents of Broward County; that the property involved was located in Broward County; and that the alleged cause of action did not accrue in Dade County. The motion to dismiss was granted, and an amendment was allowed. The amended complaint added the following allegations:
"V. That this cause of action accrued in Dade County, Florida, upon the following grounds:
"a. That the lease is silent as to the plan of payment of the rent. However, the lease (page 10, paragraph 6) designates the person and place of all notices as to the lessors to be Morris Gates, Riley Hotel, Miami Beach, Florida, therefore the place of performance is Dade County, Florida.
"b. That at the time of the filing of the action for the removal of the tenant the defendants were residents of Dade County, Florida, to-wit, Riley Hotel, 6060 Indian Creek Drive, Miami Beach, Florida.
"c. Subsequent to the hearing for the removal of the tenant, which action was dismissed, the attorney for the plaintiff had a discussion with Marshall H. Ader, the attorney for the defendants, to the effect that this suit would be brought in Dade County and he would, if there was a question of venue, waive venue. Mr. Ader was the attorney for the defendants until November 12, 1958, at which time the defendants advised Mr. Ader that he no longer represented them in this action. A copy of said letter from the defendants to Mr. Ader is hereto attached and marked plaintiff's `Exhibit 1.'
"d. An examination of the tax roll for the Riley Hotel shows the owner to be Morris Gates and Anna S. Gates, 6060 Indian Creek Drive, c/o Riley Hotel, Miami Beach, Florida."
*38 The motion to dismiss for improper venue was renewed, but this time the court denied the motion, and that order is the subject of this interlocutory appeal. The question for our determination is whether by such ruling the appellant-lessors were deprived of a right to be sued and defend in the county of their residence under § 46.01.[1] We conclude the court was in error in denying the motion to dismiss, and that the order challenged on this appeal must be reversed.
It will be observed that under the statute a suit may be begun in the county where (1) the defendant resides, (2) the cause of action accrued, or (3) the property in litigation is located. Here it was made to appear, first, as to residence, that the defendants resided in Broward County; secondly, as to the place of the accrual of the cause of action, that it was in Broward County and not in Dade County; and, third, that the question of the place of location of the property involved was not material, because the suit was in personam and the property was not drawn into the litigation. However, if the property should be considered involved in the litigation, it is noted that its location was in Broward County and not in Dade.
The appellee contended that because the defendants were residing in Dade County at the time the cause of action accrued, it was immaterial where they resided at the time the suit was filed. The law does not support that contention. It is unimportant that the appellants resided in Dade County at the time of making of the lease or even at the time the cause of action accrued. Their rights under the venue statute are to be determined on the basis of their being residents of Broward County at the time the suit was filed in Dade County. The statute as to venue applies as of the time of the filing of the suit, and not as of the time of the accrual of the cause of action. See 92 C.J.S. Venue § 111.
As to the place of accrual of the cause of action, it is established that the cause of action accrues where the act of default occurs. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346. The causes of action relied on by the lessee were: (1) the alleged wrongful notice to vacate and filing by lessors in Broward County of a court action to recover possession of the leased property, and (2) defendants' alleged failure and refusal to produce certain plans and other data for use in a condition appraisal of the property as provided for by an amendment to the lease. Clearly the default which it is claimed resulted from improperly taken proceedings to recover possession could not support appellee's contention that the cause of action arose in Dade County, as those acts occurred in Broward County. As to the second alleged breach, the failure to produce certain documents for use in making a condition appraisal of the property, any cause of action resulting therefrom must be held to have accrued at the location of the property in Broward County, in the absence of a showing that the acts were by contract to be performed by defendants at a designated place outside that county. Cf. Croker v. Powell, 115 Fla. 733, 156 So. 146; Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375.
Appellee made an additional contention that the cause of action should be considered to have accrued in Dade County *39 because of the provision for written notices under the lease to be sent to the parties at the addresses of their respective places of residence at the time the lease was made; but that provision of the lease has no bearing on the question of where the causes of action, which are sued on in this case arose. The provision for notices was that those given by the lessee to the lessors should be addressed to the lessors in Dade County, and notices given by the lessors to the lessee were to be addressed to the latter in Broward County and in Chicago, and the lease did not require the lessors to deliver any notices in Dade County.
The breach charged was the giving of a notice by the appellants-lessors to the lessee to vacate the premises followed by a suit for possession in Broward County. Under the terms of the lease such a notice to vacate was required to be sent to the lessee at the leased premises in Broward County, with a copy sent to lessee in Chicago.
Appellee contended further that the motion relating to venue was properly denied because of the alleged discussion with an attorney who had represented the lessors in the unsuccessful ouster proceeding in Broward County, to the effect that if a suit such as the present suit were later filed in Dade County, that attorney would waive the question of venue. The attorney who is alleged to have made that statement did not appear of record as an attorney in the present case. It was not an agreement made in the case or during the pendency of the case. Moreover, the agreement of the attorney as alleged was wholly ineffectual for the purpose for which it was asserted in the complaint, under rule 1.5(d), 1954 Florida Rules of Civil Procedure,[2] 30 F.S.A.
Under the circumstances presented by this record, the chancellor was in error in denying the right of the defendants to be sued in the county in which they resided when the suit was brought, and in which they affirm a continued residence.
For the reasons stated the order denying the motion to dismiss is reversed, and the cause remanded for the entry of an appropriate order.
Reversed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] Section 46.01, Fla. Stat.,F.S.A., relating to venue provides as follows: "Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.

"If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents."
[2] Under that rule, an oral agreement of attorneys with respect to the proceedings in a cause would not be of any force before the court. That rule provides: "No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings."