WIGGINTON, Acting Chief Judge.
By this interlocutory appeal plaintiffs seek review of an order entered by the trial court finding that Duval County is the improper venue for the institution and maintenance of this action, and transferring the cause to the Circuit Court of Hillsbor-ough County for further proceedings.
Plaintiffs sue defendant for damages resulting from an alleged libel published by defendant in an issue of its daily newspaper of general circulation, copies of which were sold and distributed in Duval County. By timely motion defendant challenged the venue of the action on the contention that its principal place of business, and the place where the newspaper containing the alleged libelous article is published, is Hillsborough County. Defendant contends that under the single publication rule the cause of action, if any, alleged in plaintiffs’ complaint accrued in Hillsborough County, which county constitutes the exclusive venue in which the action may be instituted and maintained.
Upon consideration of defendant’s motion to dismiss or transfer, the trial court relied upon the recent decision rendered by the Third District Court of Appeal in the Daytona Beach News-Journal case.[1] By this decision it is held that under the single publication rule an action for damages resulting from libel may be instituted and maintained only in the county of first publication where the newspaper’s primary place of business and primary area of distribution is located. Upon this holding the trial court rendered its order granting defendant’s motion and transferring the case to the Circuit Court of Hillsborough County for further proceedings.
The decision of the Third District Court of Appeal in the News-Journal case was certified by that court as one passing upon a question of great public interest under the applicable provisions of our State-Constitution[2] whereby the Supreme Court was requested to review by certiorari the decision and render a definitive judgment on the question of law involved therein. Counsel for both parties before this court agree that the correctness of the trial' court’s order sought to be reviewed herein; will be controlled by whatever conclusion is reached by the Supreme Court in its-review of the Third District Court’s decision in the News-Journal case.
 It now appears that the Supreme-Court has rendered its decision in the case mentioned above, and has concluded that the original concept of the single-publication rule forming the basis of the Third District Court’s decision does not purport to define the place where a cause of action in libel accrues, nor does it control the matter of venue as applied to actions of this kind. The court held that the applicable statute of this state fixing-the venue for civil actions permits a suit for damages resulting from a libelous publication to be instituted in any county where the libelous article was published or distributed. The decision of the Third District Court of Appeal rendered in this. *185 ■case was accordingly quashed and the cause remanded for further proceedings.[3]
On the authority of the decision rendered by the Supreme Court in the case mentioned above, we have no alternative but to hold that the trial court erred in rendering the order appealed herein which transferred this action from the Circuit Court of Duval County to the Circuit Court of Hillsborough County for further proceedings. The order appealed is accordingly reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., and SACK, JJ., concur.

. Daytona Beach News-Journal Corporation v. Firstamerica Development Corporation, (Fla.App.1966) 181 So.2d 565.

. Art. V, § 4(2), Florida Constitution.

. Firstamerica Development Corporation v. Daytona Beach News-Journal Corporation, Case No. 35,060, opinion filed December 7, 1966.