196 So.2d 22 (1967)
DEEB, INCORPORATED, a Florida Corporation, and Maryland Casualty Company, a Maryland Corporation, Appellants,
v.
The BOARD OF PUBLIC INSTRUCTION OF COLUMBIA COUNTY, Florida, for the Use and Benefit of American Seating Company, a New Jersey Corporation, Appellee.
No. 7464.
District Court of Appeal of Florida. Second District.
March 1, 1967.
Rehearing Denied March 20, 1967.
*23 Charles R. Holley, St. Petersburg, for appellants.
Theodore C. Taub, of Nuccio & Taub, Tampa, for appellee.
SHANNON, Judge.
This is an interlocutory appeal from an order of the Circuit Court for Hillsborough County denying the motion of appellants (defendants in the lower court) to dismiss for improper venue. The complaint was brought under Fla. Stat., Sec. 255.05, F.S.A., and filed in Hillsborough County, Florida.
In 1964 the Board of Public Instruction of Columbia County, Florida, entered into a contract with Defendant Deeb, Incorporated, to build a library building and a science building at the Lake City Junior College and Forest Ranger School. Pursuant to the contract and the statutes, Deeb, Incorporated, as principal, and Maryland Casualty Company, as surety, executed and delivered a performance and payment bond in the amount of $397,605.05. Deeb, Incorporated, then entered into contracts with American Seating Company for certain equipment to be furnished by American Seating Company.
*24 The complaint generally alleges that American Seating Company did everything required of it and there is a balance due it of $10,034.74, and brings suit against Deeb, Incorporated, and Maryland Casualty Company for such amount. Deeb, Incorporated, has its usual place of business in Pinellas County, Florida, and Maryland Casualty Company has an office for the transaction of business in Hillsborough County, Florida.
Each contract between American Seating Company and Deeb, Incorporated, contains a paragraph twelve, which is as follows:
"In the event of suit by the contractor or its surety against the subcontractor or his surety or those dealing with them, or suit by the subcontractor or his surety or those with whom he deals on behalf of this agreement, against the contractor or its surety, then the venue of such suit shall be in Pinellas County, Florida, and the subcontractor hereby waives for himself, his surety or those with whom he deals on behalf of this agreement whatever rights he may have in the selection of venue."
The plaintiff's suit was filed in Hillsborough County, Florida. The defendants filed a motion to dismiss for improper venue and contended that the proper venue should be Pinellas County, Florida. This motion was denied by the lower court and this interlocutory appeal was commenced.
The appellee contends that the provision in the contract relates to jurisdiction and as such cannot be waived. There is a clear distinction between jurisdiction and venue. Jurisdiction is the power of the court to hear and determine the particular cause, while venue refers to the geographical area in which the defendant has the right to be sued or tried. 14 Fla. Law and Practice, Jurisdiction, Sec. 3. Under the facts of this case the plaintiff had a choice of bringing the suit in Pinellas County, Hillsborough County, and possibly, Columbia County, Florida. The contract specified Pinellas County as the place of the litigation. Since the provision in the contract related to the location of the suit and not the power of the court to hear the case, it refers to venue and not to jurisdiction.
This suit was brought under Fla. Stat., Sec. 255.05, F.S.A. Since this statute contains no provisions with reference to venue, the general venue provisions in Fla. Stat., Ch. 46, F.S.A., are controlling. Winchester v. State, Fla.App. 1961, 134 So.2d 826. Fla. Stat., Sec. 46.04, provides for the venue of suits against corporations. This privilege of venue may be waived by the corporation. County of Okeechobee v. Florida National Bank of Jacksonville, 1933, 112 Fla. 309, 150 So. 124.
The provisions of the contract between the parties to this suit expressly state that the parties waive their privilege of venue and that all litigation shall be in Pinellas County, Florida. As stated in the case of Producers Supply, Inc. v. Harz, 1942, 149 Fla. 594, 6 So.2d 375 at 376: "It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary." See also Felkel v. Abernethy, 1933, 112 Fla. 358, 150 So. 631. The parties in this present appeal waived their privilege of venue and agreed to have all litigation in Pinellas County, Florida. Under the laws of this state this provision of the contract was valid. Therefore, it was error for the lower court to deny the appellants' motion to dismiss for improper venue.
Reversed and remanded for proceedings not inconsistent with this opinion.
ALLEN, C.J., and LILES, J., concur.