PER CURIAM.
This interlocutory appeal seeks review of an order of the Circuit Court of Dade County, Florida which found that proper venue for this action was in Palm Beach County and directed the transfer of the papers filed in the cause to the Circuit Court in Palm Beach County as the proper court to hear the action. See Rule 4.2(a), F.A.R., 32 F.S.A.
The order transferring the cause to Palm Beach County because of improper venue in Dade does not set forth any reasons or grounds, and the appellee has not filed a brief in this appeal. The order simply holds that proper venue is in Palm Beach County, Florida. We are only advised by the appellant as to its opinion concerning the grounds upon which the order was based.
A complaint was filed by Milton F. Stein-hardt and others against the defendant-ap-pellees which charged them with libel and malicious interference with contractual relationship. Under the libel count it was alleged that the defendant-appellees had, jointly and severally, maliciously prepared and circulated a newsletter containing libelous material about Steinhardt. It alleged that the newsletter had been published and read in Dade County, Florida and that venue for the libel action was in Dade County, Florida.
The Supreme Court of Florida considered § 46.04 Fla.Stat. (now § 47.051, Fla. Stat.1967, F.S.A.) in Firstamerica Dev. Corp. v. Daytona Beach N.-J. Corp., Fla. 1967, 196 So.2d 97. It held that a libel action could be properly maintained under the venue statute, supra, in Florida in a county where a newspaper was circulated and such action need not be brought in the county where the newspaper was published. In Drummond v. Tribune Company, Fla. App.1966, 193 So.2d 183, venue was held proper for a libel suit against a newspaper in a county where the newspaper was sold and distributed.
The present appeal involves a newsletter, as opposed to a newspaper, but this would appear to be a distinction without a difference under the rationale of the cases above.
It appears, therefore, that proper venue for the alleged libelous .matter contained in the newsletter allegedly published and read in Dade County, Florida could be in Dade County, Florida.
Count Two of the complaint was based on a charge of malicious interference with a contractual relationship. § 47.041, Fla.Stat., F.S.A., provides:
“Actions on several causes of action may be brought in any county or district where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any such counties, but the court may order separate trials if expedient.”
We, therefore, find that proper venue under the libel alleged in Count One of the complaint was in Dade County, Florida and that under § 47.041, Fla.Stat., F.S.A., the venue for the allegations of Count Two of the complaint may also be brought in Dade County, Florida.
We are not passing on the sufficiency of the pleadings or on any other venue question except those specifically mentioned herein.
The order of transfer is, therefore, reversed and the cause remanded for further action consistent herewith.
It is so ordered.