PER CURIAM.
The defendant appeals a summary final judgment for the plaintiff, and the plaintiff cross-assigns error to an order striking its prayer for attorney’s fees. Defendant’s answer alleged as an affirmative defense that the plaintiff corporation was not, in fact, a corporation and, as such, was not entitled to maintain the action. Plaintiff filed a reply to the affirmative defense factually denying the defense. No affidavit or deposition in any way controverted the affirmative defense, nor was the defense stricken as legally insufficient. On this state of the record, a summary final judgment was entered upon plaintiff’s motion.
Plaintiff urges-that the defense is a “paper defense” and, therefore, not a bar to summary judgment. We are unable to determine whether this is true because plaintiff did not submit anything to the trial court to substantiate its position that the issue created by the pleadings did not exist. The summary judgment must be reversed upon the ground that plaintiff did not bear its burden of showing initially that there was no genuine issue of material fact. See Underwriters Insurance Company v. Sisung, 174 So.2d 461 (Fla.3d DCA 1965).
The order striking plaintiff’s prayer for attorney’s fees must also be reversed because there is nothing in the record to show the inapplicability of the principle stated in Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (1942). We do not determine that attorney’s fees must be awarded, but simply that the prayer was not subject to be stricken as legally insufficient at this stage of the proceedings.
The summary final judgment is reversed; the order striking plaintiff’s prayer for attorney’s fees is reversed; and the cause is remanded for further proceedings.
Reversed and remanded.