393 So.2d 1210 (1981)
Sidney HONEA, Appellant,
v.
WALKER CHEMICAL & EXTERMINATING CO., INC., Appellee.
No. 79-188.
Court of Appeal of Florida, Fifth District.
January 14, 1981.
Rehearing Denied February 17, 1981.
Fred S. Disselkoen, Jr. of Duffett, Seps & Akers, Ormond Beach, for appellant.
William A. Greenberg of Fowler, Williams & Airth, Orlando, for appellee.
ORFINGER, Judge.
The employment agreement sued on here contained a provision that venue for any suit brought thereunder would be in the Circuit Court of Orange County, Florida.[1]
In the action for breach of the employment agreement filed by the employer in Orange County, the employee moved to abate and transfer the cause to Volusia County, where he resides and where he alleges the cause of action accrued, contending that the contractual provision was unenforceable. The trial court denied the motion and this appeal follows.[2] We affirm.
It has long been the law of Florida that parties to a contract may agree on venue for actions to enforce the contract. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (1942); Felkel v. Abernethy, 112 Fla. 358, 150 So. 631 (1933). See also, Tropicana Pools, Inc. v. Brown, 270 So.2d 751 (Fla.2d DCA 1972).
Appellant's reliance on Gates v. Stucco Corp., 112 So.2d 36 (Fla.3d DCA 1959) and on Huntley v. Alejandre, 139 So.2d 911 (Fla.3d DCA 1962) is misplaced, because in Gates, there was no contractual provision to support the claim of venue, only an alleged *1211 oral agreement which was in violation of the rule requiring stipulations to be in writing, with an attorney who did not appear in the suit, and in Huntley, the contract provided that suits thereon would be brought only in the courts of Havana, Cuba, which was an ineffectual attempt to oust the jurisdiction of all courts except the courts of Cuba. Jurisdiction is not involved here, only venue, which is a privilege that can be waived. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955); Fixel v. Clevenger, 285 So.2d 687 (Fla.3d DCA 1973).
The order appealed from is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] "VENUE: The Employer and Employee hereby mutually agree that the venue for any suit seeking any relief under the terms of the EMPLOYMENT AGREEMENT, shall be the Circuit Court for Orange County, Florida; the Employee hereby waiving his right to be sued in any other Court in the County where the Employee may reside, if other than Orange County, Florida."
[2] Rule 9.130(3)(A), Fla.R.App.P.