427 So.2d 1139 (1983)
SOUTHEASTERN OFFICE SUPPLY AND FURNITURE COMPANY, INC., Appellant,
v.
John A. BARLEY, Appellee.
No. 82-1591.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
A. Clifton Black, Orlando, for appellant.
Bruce P. Anderson, Tallahassee, for appellee.
COBB, Judge.
This appeal challenges the validity of a second venue change back to the original county from which this case was transferred contrary to a contractual agreement *1140 between the parties. Whereas the first transfer from Leon County to Orange County was based on the agreement, the second transfer (from Orange back to Leon) was based on the convenience statute.[1]
The plaintiff, Barley, filed a complaint in Leon County Circuit Court naming Southeastern as a defendant, and alleging that Southeastern was a Florida corporation with its principal place of business in Leon County. The complaint was based upon a sales agreement between the two parties, which Barley claimed was breached by Southeastern, entitling him to damages. A damage action for breach of contract is an affirmation of the contract by the plaintiff. This contract contained the following venue provision:
It is mutually agreed and understood that this contract shall be governed by the laws of the State of Florida, both as to interpretation and to performance, and that any action at law, suit in equity or judicial proceeding for the enforcement of this contract, or any provision thereof, or any transaction arising out of this contract, shall be instituted and maintained in any court of competent jurisdiction in the County of Orange, State of Florida, unless all of the parties to this agreement mutually agree upon venue in some other locality. [Emphasis added.]
Under Florida law, it is clear that parties to an agreement may provide therein where suit is to be brought to enforce it if such becomes necessary. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (Fla. 1942); Honea v. Walker Chemical & Exterminating Co., Inc., 393 So.2d 1210 (Fla. 5th DCA 1981). Despite the foregoing agreement, when venue in Leon County was attacked by Southeastern, Barley argued that the court should ignore the venue provision in the contract he had affirmed by his complaint, based upon the statutory grounds of section 47.051 and also the convenience of the parties pursuant to section 47.122, Florida Statutes (1981). This argument properly was rejected by the Leon County Circuit Judge, who proceeded to transfer venue to Orange County.
Barley chose not to appeal this ruling to the First District. Instead, once the case reached Orange County, Barley moved to transfer the cause back to Leon County. In support of this motion, Barley filed an affidavit purporting to show that Leon County was the convenient forum. This motion was granted by the Orange County Circuit Court, and the cause ordered transferred back to Leon County "pursuant to Rule of Civil Procedure 1.060 and Florida Statute 47.122." Southeastern appeals this order.
We reverse. The contractual venue agreement between the parties constitutes a waiver by Barley of venue outside of Orange County on grounds of convenience as well as grounds of residency, location of property, or place of accrual of an action. Moreover, section 47.131, Florida Statutes (1981), provides:
When it appears to the court to which an action has been transferred by a change of venue that any of the grounds for change of venue exist in the county to which the action has been transferred, the court may order a second change of venue, but it shall not be made to the county from which it was originally transferred.[2] [Emphasis added.]
*1141 Without citation of authority, Barley maintains this statute only prohibits a change of venue back to the county from which it was originally transferred if the original transfer was pursuant to Chapter 47, Florida Statutes (1981), and not Florida Rule of Civil Procedure 1.060(b). That rule provides in relevant part:
When any action is filed laying venue in the wrong county, the court may transfer the action in the manner provided in Rule 1.170(j) to the proper court in any county where it might have been brought in accordance with the venue statutes... .
The August 19, 1981, Leon County Circuit Court order transferring venue to Orange County was based on venue as contractually stipulated by the parties. The Orange County Circuit Court, however, based the venue transfer back to Leon County on the convenience statute, section 47.122, Florida Statutes (1982). To the extent that Barley suggests a distinction between transfer based on the wrong county and transfer based on the venue change provisions of Chapter 47, he is correct. Trawick states:
Transfer under Rule 1.060(b) is not the same as a change of venue under sections 47.101, 47.111 and 47.122, Florida Statutes. Transfer has a different history and serves a different purpose. It is intended to correct a mistake in venue. The change of venue statutes are intended to prevent a miscarriage of justice in the correct venue or afford a more convenient venue... .
Trawick's Florida Practice and Procedure § 5-8 (1982 ed.).
Based on this distinction, Barley argues that the order bringing the case to Orange County did not count as a change of venue under section 47.131, Florida Statutes (1981), and therefore the Orange County Circuit Court order returning the case to Leon County did not constitute a second change. Presumably, the purposes of prohibiting the transferee court from changing venue back to the transferor court are to prevent a case from being shuttled back and forth and to prevent coordinate courts from effectively overruling each other.[3] These reasons are no less compelling when a court transfers a case because it thinks venue has been laid in the wrong county. Therefore, based on section 47.131, Florida Statutes (1981), the Orange County Circuit Court erred by transferring venue back to Leon County.
Accordingly, we reverse the order of the Orange County Circuit Court transferring this cause to Leon County, and remand the cause to Orange County for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] Section 47.122, Florida Statutes (1981), provides:

Change of venue; convenience of parties or witnesses or in the interest of justice.  For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[2] Apparently, only one case has construed this provision. In Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978), as a result of a traffic accident in South Carolina, plaintiffs, residents of Dade County, commenced an action in Dade County against three defendants: Bingham, a resident of Duval County, a Florida corporation having its principal office in Duval County, and a foreign corporation doing business in Florida. Pursuant to a venue motion, the case was transferred to Duval County, after which the plaintiffs filed a motion to change venue back to Dade County pursuant to the convenience statute. The court granted the motion and Bingham appealed. The appellee urged that convenience of the parties or witnesses constituted an exception to the prohibition against returning the case to the original county. The court disagreed and reversed, emphasizing that the language of the statute could not have been more explicit.

In the federal system, where no such venue provision exists, if the transferee court finds that the transferor court's venue ruling was erroneous as a matter of law, it has the power to retransfer the case to that court. Union Tank Leasehold Building Co. v. DuPont Glore Forgan, Inc., 494 F. Supp. 514 (S.D.N.Y. 1980).
[3] The appellate rules not only provide interlocutory review of venue orders, but also allow a party not taking such an appeal to raise the venue issue on appeal from the final order in the cause. Fla.R.App.P. 9.130(a)(3)(A); (g). Consequently, nothing prevented Barley from timely filing an interlocutory appeal from the Leon County Circuit Court order.