432 So.2d 681 (1983)
BUSINESS AIDE COMPUTERS, INC., Appellant,
v.
CENTRAL FLORIDA MACK TRUCKS, INC., Appellee.
No. 82-1158.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
*682 Michael H. Stauder, West Palm Beach, for appellant.
Roger J. McDonald, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Business Aide Computers, Inc., appeals from a non-final order denying its motion to change venue.[1]
Appellee Central Florida Mack Trucks, Inc., filed suit against appellant in Orange County seeking rescission and damages regarding a lease agreement for a computer entered into by the parties in 1981. Appellee alleged that appellant's agent had made numerous representations as to the functions which the computer could perform and its ability to handle appellee's business records but that these representations proved to be false. Appellee sought rescission of the lease agreement and monetary damages for costs incurred in hiring an employee to keep the business records.
Appellant moved to transfer venue to Palm Beach County, based on paragraph 21 of the lease which provided:
In the event that any legal action is taken in connection with this lease, the proper venue for said action shall be Palm Beach County, Florida.
Following a hearing, the trial court denied appellant's motion, finding that the venue provision was inapplicable because appellee's action was based upon fraud in the inducement and not upon the contract. The court concluded that venue was proper where the alleged fraud took place, Orange County.
It is well settled that parties to a contract may include a choice of venue provision therein in the event a suit regarding the contract develops. See, e.g., Honea v. Walker Chemical & Exterminating Co., 393 So.2d 1210 (Fla. 5th DCA 1981); Tropicana Pools, Inc. v. Brown, 270 So.2d 751 (Fla. 2d DCA 1972); Deeb, Inc. v. Board of Public Instruction, 196 So.2d 22 (Fla. 2d DCA 1967).
The question presented by this appeal is whether the venue provision here is inapplicable because appellee claims that the contract was fraudulently induced. We conclude that it is applicable and reverse.
The venue provision states "legal action ... taken in connection with this lease." The ordinary meaning of this wording clearly encompasses a rescission action since rescission is a remedy whereby a court of equity exercises its jurisdiction to set aside a contract. 9 Fla.Jur.2d Cancellation § 1 (1979). Such an action therefore must be "in connection with" the contract.
Appellee is seeking by its lawsuit to invalidate the lease agreement while appellant is defending, claiming that its terms are binding and enforceable. The merits of the action cannot be determined until it has *683 been tried. Should the trial court ultimately hold the lease to be valid, appellee would have defeated the provision as to venue, a provision to which he had previously agreed.
REVERSED and REMANDED for entry of order transferring venue.
SHARP, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
It is not without some difficulty that I concur with the majority opinion. My vote is cast to reverse after realizing that any time a litigant may want to defeat a contractual venue provision all that must be done would be to allege some fraud in the inducement was committed in another county to cause venue to be established there.
Further, in this particular case there is no allegation that the venue selection portion of the contract was fraudulently induced; it was the capabilities of the machine which appellee says were misrepresented. So, for the two reasons above, especially the first one, I concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(A).