468 So.2d 262 (1985)
INTERVAL MARKETING ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
SEA CLUB ASSOCIATES IV, LTD., a Florida Limited Partnership, and Sea Club Associates V, Ltd., a Florida Limited Partnership, Appellees.
No. 84-2365.
District Court of Appeal of Florida, Second District.
February 22, 1985.
Dale K. Bohner of Van Wert, Heebner, Baggett, Bohner & Prechtl, Daytona Beach, for appellant.
Daryl J. Brown of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellees.
*263 SCHEB, Judge.
Interval Marketing Associates, Inc., challenges the trial court's order denying its motion for change of venue. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(A).
The record discloses that Interval Marketing, defendant below, and Sea Club Associates IV, Ltd., one of the plaintiffs, signed an exclusive marketing agreement on March 15, 1982. This agreement included a provision that venue for any action filed in relation to the agreement would be in Volusia County, Florida. On April 21, 1982, Interval Marketing entered into a similar agreement with Sea Club Associates V, Ltd., another plaintiff. This second agreement provided that venue would be in Sarasota County.
A dispute between the parties arose. Sea Club IV and Sea Club V, along with several other individual plaintiffs, sued Interval Marketing in the Circuit Court in Sarasota County. Interval Marketing filed a motion for change of venue pursuant to its agreement with Sea Club IV. The trial court denied the motion and this appeal ensued.
Sea Clubs IV and V, as plaintiffs, had the right to initially choose venue in Sarasota County where one of the causes of action arose. See § 47.041, Fla. Stat. (1983). Interval Marketing correctly argues that, notwithstanding this statutory provision, the parties may provide by their agreement where suit may be brought to enforce it. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (1942); Deeb, Inc. v. Board of Public Instruction, 196 So.2d 22 (Fla. 2d DCA 1967). Nevertheless, a court is not bound to abide by such an agreement where, as here, there are compelling reasons not to enforce it. As noted, there were two agreements, one providing for venue in Volusia County, the other in Sarasota County. In addition, other plaintiffs and defendants were parties to the litigation. Thus, venue in one court may avoid the necessity for multiple suits and may expedite determination of the issues in this case. See Highland Insurance Co. v. Walker Memorial Sanitarium and Benevolent Ass'n, 225 So.2d 572 (Fla. 2d DCA), cert. denied, 232 So.2d 181 (Fla. 1969).
Furthermore, on the record before us, Interval Marketing failed to meet its burden of showing by affidavit or sworn motion that the venue selected by the plaintiffs was improper. See Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977). Thus, the trial court did not err in denying Interval Marketing's motion for change of venue.
Affirmed.
RYDER, C.J., and SCHOONOVER, J., concur.