DAUKSCH, Judge.
This is an appeal from a non-final order of the Volusia County Circuit Court which grants appellee’s motion to transfer venue to the circuit court in Orange County.[1] Appellant submits that the lower court erred in transferring venue of this action to foreclose a mechanic’s lien to a county other than that where the property subject to the lien is located. We affirm.
According to the allegations of the complaint, appellee engaged appellant as general contractor to provide labor, material and equipment for the construction of a shopping mall on appellee’s property in Vo-lusia County. The contract between the parties is attached to the complaint. Article 7.5 of the agreement provides for venue of any litigation between the parties, arising from or pertaining to their contract, in the Orange County Circuit Court:
Any legal proceedings of any nature brought by any part [sic] to this contract against the other party in enforcing any obligation under this contract, arising out of any matter pertaining to this contract, the work to be performed hereunder, shall be submitted to trial without jury before the circuit court of the Ninth Judicial Circuit, in and for Orange County, Florida; or if the circuit court does not have jurisdiction, then before the United States District Court for the Middle District of Florida (Orlando Division).
On September 16, 1983, appellant General Contractor recorded its claim of lien in Official Records Book 2518, Page 1167, Public Records of Volusia County, Florida. Sixteen months later appellant filed the instant action for foreclosure of the lien, alleging that it has complied with all terms of the parties’ contract but that there remains unpaid and owing from appellee the sum of $598,375.50. According to the complaint, $299,620 of this amount constitutes the balance due appellant for work not provided for in the contract but which the parties orally agreed appellant would perform. Appellant seeks judgment against appellee in the amount of $598,375.50 plus interest, costs and attorney fees, with a provision for forced sale of appellee’s property in the event of default in payment of the judgment.
Appellee filed a motion to dismiss the complaint for improper venue and an alternative motion to transfer venue. Both motions are based on Article 7.5, quoted above, of the parties’ contract. The Circuit Court for Volusia County granted appel-lee’s motion to transfer venue to the Circuit Court for Orange County, thereby rendering moot appellee’s motion to dismiss.
We affirm the order transferring venue notwithstanding that this is an action to foreclose a mechanic’s lien, and therefore may affect an interest in land. Appellant’s reliance on the local action rule is anachronistic. According to Trawick’s Florida Practice and Procedure, § 5-5 at 49, “[a]t common law all actions were local because *840 juries were originally witnesses and not triers of fact.” It follows that when
... the jury ceased to be composed of witnesses, the reason for the local action rule ceased. Neither an in rem nor a quasi in rem action requires application of the local action rule. If the court has jurisdiction, it can determine the controversy, regardless of venue ...
Id. See also 77 Am.Jur.2d, Venue, § 2 (1975). Since the reason underlying the distinction between local and transitory actions is no longer viable, this court will not disregard an express contractual provision in favor of an outdated rule. The fact that this equitable action will not be tried to a jury reenforces our conclusion that the local action rule does not require a different result. Clearly, both the Volusia County Circuit Court and the Orange County Circuit Court have subject matter jurisdiction (i.e., the authority and power to resolve the parties’ dispute) over the instant case. Art. V, § 5(b), Fla. Const.; § 26.012, Fla. Stat. (1983). A court’s subject matter jurisdiction is not inhibited because of its particular venue. See Ringling Bros. Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA 1974).
In Tietig v. Riccio, 451 So.2d 1016 (Fla. 3d DCA 1984), the court held that an action to foreclose a mechanic’s lien should be brought in the county where the property is located. Tietig v. Riccio is inapposite to the instant case because, there, the parties did not contractually provide for venue.[2] In the instant case, when the parties entered into their agreement and provided for the location of litigation arising from the contract, it was foreseeable to all concerned that litigation arising from a construction contract could affect the property on which the construction is taking place. Now that the foreseeable has occurred, one of the contracting parties (appellant) is asking the courts to relieve it of the burden of its agreement on the basis of a rule which, especially in actions tried without a jury, no longer serves a useful purpose. We decline to indulge such an argument.
Appellant argues that a decision which allows a circuit court to enter a judgment which may affect title to property located in a county other than that where the court sits will result in uncertainty of county records of title to property. This contention is not persuasive because it fails to recognize that appellant, and parties similarly situated in future actions, may record a lis pendens in the title records of the county where the property is located.
The interlocutory order of the lower court transferring venue from Volusia County to Orange County on the basis of the parties’ contractual agreement is
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
ORFINGER, J., dissents without opinion.

. Fla.R.App.P. 9.130(a)(3)(A) authorizes appellate review of non-final orders concerning venue. Our jurisdiction is based on Art. V, § 4(b)(1), Fla. Const.

. The law is well settled in cases not affecting an interest in land that parties to a contract may specify where the venue of an action brought on the contract shall be laid. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (1942); Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983); Honea v. Walker Chemical & Exterminating Co., Inc., 393 So.2d 1210 (Fla. 5th DCA 1981); Deeb, Inc. v. Board of Public Instruction of Columbia County, 196 So.2d 22 (Fla. 2d DCA 1967). See also Southeastern Office Supply & Furniture Company v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983).