487 So.2d 429 (1986)
HUGHES SUPPLY, INC., Appellant,
v.
Robert A. LUPTON and Peter H. Ward, Appellees.
No. 85-1566.
District Court of Appeal of Florida, Fifth District.
May 1, 1986.
*430 Christopher J. Weiss and Ronald S. Gilbert of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Timothy H. Kenney, P.A., West Palm Beach, for appellees.
COBB, Chief Judge.
This is a timely appeal from a nonfinal order in which the trial court granted appellees' motion to transfer venue from Orange County to Palm Beach County pursuant to Florida Rule of Civil Procedure 1.060 and section 47.122, Florida Statutes (1983). This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
This action was instituted by Hughes Supply on a personal guaranty executed by the appellees, Lupton and Ward. The personal guaranty contained a venue waiver provision which provided:
... Further, the Guarantor(s) waive any and all privileges and rights which they may have under Chapter 47, Florida Statutes, relating to venue, as it now exists or may hereafter be amended, and under any other statute, administrative provision or state thereof and any legal action brought on this Guaranty; and, further, the Guarantor(s), jointly and severally, agree that any legal action brought on this Guaranty may be brought in the appropriate court in Orange County, Florida.
In addition to the foregoing provisions, the personal guaranty also provided:
This is intended to be, and shall be construed to be, a continuing Guaranty applying to all sales made by you to the aforesaid, and shall not be reversed by the death of the Guarantor(s) but shall remain in full force and effect until the Guarantor(s) or their Executors or Administrators shall have given notice in writing to make no further advances on the security of this Guaranty, and until such notice shall have been received by you. Guarantor(s) agree to notify Hughes Supply, Inc., in writing of any change in the form of the purchaser's business or ownership of purchaser's business within five days of such change, otherwise this continuing guaranty shall extend to the above named company and successor companies or related entities.
Pursuant to the above paragraph, Lupton and Ward allegedly provided Hughes with written notice on December 9, 1984, effective December 31, 1984, revoking their guaranty.[1] Hughes denied receipt of the first notice, and initiated suit in Orange County on May 8, 1985. On June 18, 1985, Lupton and Ward filed a pro se answer which did not raise the venue issue. In September the defendants moved to amend their answer to include a venue defense, and also moved to transfer venue to Palm Beach County on the basis of convenience. The motion was granted, and Hughes appeals.
The issue before us is not the factual dispute between Hughes and the defendants in regard to receipt of the notice of revocation. The issue is whether that factual dispute should be resolved in Orange County or in Palm Beach County. The law in Florida is well settled that parties to a contractual agreement may provide for venue. Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (Fla. 1942); Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983); Southeastern Office *431 Supply & Furniture Co., Inc. v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983); Honea v. Walker Chemical & Exterminating Co., Inc., 393 So.2d 1210 (Fla. 5th DCA 1981). A contractual waiver of venue privileges encompasses the ground of convenience as well as other statutory grounds set out in Chapter 47. Southeastern Office Supply & Furniture Co.
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Supplementary written notice was provided in January and February of 1985.