617 So.2d 866 (1993)
DERRICK & ASSOCIATES PATHOLOGY, P.A., Appellant,
v.
Gary V. KUEHL, M.D., Appellee.
No. 92-2636.
District Court of Appeal of Florida, Fifth District.
May 7, 1993.
J. Thomas Cardwell and Matt G. Firestone, Akerman, Senterfitt & Eidson, P.A., Orlando, for appellant.
Lawrence D. Johnson, Winter Park, for appellee.
W. SHARP, Judge.
Derrick & Associates Pathology, P.A. appeals from a nonfinal order transferring venue of this cause from Orange County to Palm Beach County. Kuehl, the defendant below and appellee here, justifies the transfer on the ground that all four of the counts framed in the complaint filed by Derrick arose in Palm Beach County, and *867 trial there would promote the convenience of the parties, since most of the witnesses and documentary evidence necessary to resolve these disputes are located in Palm Beach County.[1] We reverse in part.
In this case, Derrick served Kuehl with a four-count complaint filed in Orange County. The first two[2] counts relate to a contract entered into by the parties. The third count alleges Kuehl tortiously interfered with Derrick's business relationship with a hospital in Palm Beach County. Count four alleges a claim for libel and slander for Kuehl's having published a letter in Palm Beach County which allegedly affected and damaged Derrick's professional reputation.
With regard to the first two counts, it appears that the trial court erred in ordering a transfer of venue to Palm Beach County because they involve and grow out of the parties' professional service agreement, dated August 1, 1991, which was attached to the complaint as an exhibit. Paragraph 22 of that document expressly provides:
This Agreement shall be construed and enforced under and by the laws of the State of Florida and shall inure to the benefit of and be binding upon the parties hereto and their heirs, personal representatives, successors and assigns. The parties agree that the exclusive venue for the bringing of any actions in regard to this Agreement shall be in the county where the Association has its principal place of business from time to time.
Orange County was Derrick's principal place of business at the time this contract was entered into, and it is still.
Florida law permits parties to agree in a contract where a suit may be brought to enforce the contract. Producers Supply v. Harz, 149 Fla. 594, 6 So.2d 375 (1942); Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc., 432 So.2d 681 (Fla. 5th DCA 1983); Southeastern Office Supply and Furniture Co., Inc. v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983). Hughes Supply, Inc. v. Lupton, 487 So.2d 429 (Fla. 5th DCA 1986), is virtually indistinguishable from the case at bar. It too involved a venue agreement designating Orange County, Florida, as the forum for resolving any disputes arising from the agreement. As in this case, the defendants petitioned the court to transfer venue to Palm Beach County, Florida, and based their request solely on the ground of convenience. This court held that a contractual waiver of venue privileges encompasses and controls the ground of convenience as well as other statutory grounds to change venue set out in Chapter 47.
However, with regard to the two torts alleged in counts three and four, there is no overriding contractual provision applicable to them. They are entirely independent and unrelated to the contract between the parties. Both torts were alleged and shown at the hearing to have taken place, or "accrued," in Palm Beach County. And, extensive evidence and numerous witnesses necessary to try these issues were shown to be located in Palm Beach County.
A plaintiff may select as venue for a lawsuit any county where one of other joined causes of action arose.[3] In instances where the cause of actions arise in different counties, venue is proper in any one of them.[4] Thus, in this case, venue was "proper" in Orange County, because counts three and four were joined with counts one and two, and Orange County is the designated venue for those counts.
*868 However, even though venue may be "proper" in Orange County pursuant to section 47.041, venue can be changed pursuant to section 47.122,[5] the "forum nonconveniens" statute. Counts three and four, if filed alone, would have to be brought in Palm Beach County because that is where both torts allegedly "arose" or took place and the defendant resides.[6]See Fitzgerald v. Westinghouse Credit Corp., 498 So.2d 657 (Fla. 5th DCA 1986). And there was a strong showing in this case that numerous witnesses reside in Palm Beach County, and considerable documentary evidence is located there.
The trial judge found that, for the convenience of the parties and the courts, the litigation should go forward in Palm Beach County. Since there was a reasonable basis in the record for such a decision, no gross abuse of discretion was shown as to counts three and four in ordering their transfer to Palm Beach County. Accordingly, the trial judge's decision as to counts three and four should be upheld. See Levy v. Hawk's Cay, Inc., 505 So.2d 24 (Fla. 3d DCA 1987).
We conclude, however, that counts one and two must be tried in Orange County because of the contract provision. But, there is no reason counts three and four must be held hostage to counts one and two. On remand, the trial judge may sever and transfer them for trial in Palm Beach County if he deems it "expedient" after all interested parties have been afforded an opportunity to present their respective positions to the court. Section 47.041. Also on remand, Derrick may wish to reconsider its decision to try counts one and two in Orange County, thereby necessitating trials in both counties. With the parties' consent, the whole case could be transferred to Palm Beach County or remain in Orange County.
AFFIRMED in part; REVERSED in part; and REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.
NOTES
[1] § 47.122, Fla. Stat. (1991).
[2] Count I is for injunctive relief based on a noncompete provision in the contract; count II is for breach of the contract.
[3] § 47.041, Fla. Stat. (1991) provides:

Actions on several causes of action. Actions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.
[4] See Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981); Steinhardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla. 3d DCA 1970); Motsinger v. E.B. Malone Corp., 297 So.2d 839 (Fla. 2d DCA 1974).
[5] Section 47.122 provides:

Change of venue; convenience of parties or witnesses or in the interest of justice. 
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[6] § 47.011, Fla. Stat.