GRIFFIN, J.
Appellants, W.G. Mills and United States Fidelity and Guaranty Company, appeal a non-final order denying their motion to dismiss an action pending in Osceola County for improper venue. The suit arises out of construction of a school in Osceola County. The motion is based on a contractual provision that venue would lie in Sarasota County.
Fryling Electric, Inc., now known as Cable Electrical Services, Inc. [“Cable”], served as the electrical subcontractor on the school construction project. Cable obtained materials for completing its portion of the job from Hughes Supply, Inc. [“Hughes Supply”], but then failed to pay for the supplies. Accordingly, Hughes Supply brought suit in Osceola County against Cable, W.G. Mills [“Mills”], the general contractor on the project, and United States Fidelity & Guaranty Co. [“surety”], which served as surety for Mills. Hughes Supply’s claims against Cable were for breach of contract, open account, goods sold and delivered, and quantum meruit. The claims against Mills and the surety were for recovery on a payment bond.
Cable admitted in its answer that it owed Hughes Supply a total of $25,552. However, it asserted a cross-claim against Mills and the surety, alleging that it was due $379,922 from Mills for work done on the project. The subcontract between Cable and Mills contained the following provision regarding venue of disputes between the general contractor and Cable:
In the event of suit by the CONTRACTOR or its surety against the SUBCONTRACTOR or its surety or those with whom he deals on behalf of this Agreement, or suit by the SUBCONTRACTOR or its surety, then the venue of such suit shall be in Sarasota County, Florida, and the SUBCONTRACTOR *227 hereby waives for itself, its surety or those with whom he deals on behalf of this Agreement whatever rights it may have in the selection of venue. SUBCONTRACTOR and its surety do hereby further agree that the provisions concerning venue as contained herein shall be specifically binding upon them, notwithstanding the existence of any contrary venue provision which may be contained in any surety bond delivered to the OWNER by contractor and/or its surety....
Hughes Supply was ultimately paid by Mills in exchange for a release and an assignment of all of its claims against Cable. Shortly thereafter, Mills and its surety filed an unsworn motion to dismiss Cable’s cross-claims for improper venue.
Cable scheduled a hearing on the motion to dismiss for improper venue, which was held on June 15, 2001, but counsel for Mills and the surety did not attend the hearing. Mills’ counsel asserts this was because his secretary thought the ease had been settled and neglected to put the hearing on his calendar.[1] The hearing went forward without Mills’ counsel in attendance, and the trial court denied the motion. The venue hearing was not reported.
Although it appears to us, based on the limited record available, that the venue selection provision relied on by Mills should have been enforced, we lack an adequate record to reverse. There is no record of the venue hearing and we have no way of knowing what transpired. This suit is one of several pending in Osceola County arising out of the construction of the school and involving these parties as well as others. There are limited circumstances under which a court has discretion not to give effect to a forum selection clause. See, e.g., Girdley Const. Co. v. Architectural Exteriors, Inc., 517 So.2d 137 (Fla. 5th DCA 1987); Interval Mkt. Assocs., Inc. v. Sea Club Assocs. IV, Ltd., 468 So.2d 262 (Fla. 2d DCA 1985). Without a record of the venue hearing, we decline to reverse the trial court’s decision.
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.

. Cable’s counsel observed that the hearing was noticed three separate times, as additional matters were added to the hearing calendar.