4 So.3d 39 (2009)
M.M.F./ADOPTION ENTITY, Appellant,
v.
K.O., Mother of J.O., Appellee.
No. 1D08-5131.
District Court of Appeal of Florida, First District.
February 12, 2009.
Michael Robert Ufferman, Tallahassee, for Appellant.
Kendra A. Hinton, Lake City, for Appellee.
THOMAS, J.
In this adoption case, Appellant challenges a nonfinal order in which the circuit court sua sponte transferred venue of a petition for termination of parental rights pending adoption from Leon County to Taylor County. We reverse the order.
*40 Appellee previously executed a waiver of any objection to venue, but now argues that venue is proper in Taylor County. Appellee concedes, however, that the trial court erred by failing to first provide notice of its intent to change venue and then to hold a hearing on the proposed change. Thus, Appellee asserts that this court should reverse and remand with directions that the trial court conduct an evidentiary hearing on the "court's motion" to transfer venue.
We reverse the trial court's order under section 63.062(9), Florida Statutes, because the trial court had no authority to enter the order. Section 63.062, Florida Statutes, provides that a court may transfer venue of a petition for termination of parental rights pending adoption upon the objection of a parent whose consent is required for the adoption, "unless the objecting parent has previously executed a waiver of venue." § 63.062(9), Fla. Stat. Further, under section 63.087(2)(b), Florida Statutes, the affected parent must first object to the selected venue before a court may hold a hearing to determine the affected parent's arguments contesting the petition to terminate parental rights.
We agree with Appellee that a waiver of objection to venue applies to the statutory codification of the principle of forum non conveniens. See, e.g., Derrick & Assoc. Pathology, P.A. v. Kuehl, 617 So.2d 866, 867 (Fla. 5th DCA 1993) ("[A] contractual waiver of venue privileges encompasses and controls the ground of convenience as well as other statutory grounds to change venue....") (emphasis added). Although the trial court expressed "concern" regarding the validity of Appellee's waiver of objection to venue, it neither set aside the waiver nor considered any evidence to support a finding that the waiver was invalid. Consequently, we reverse the order transferring venue with directions to reinstate the petition for termination of parental rights pending adoption in the Circuit Court for Leon County.
REVERSED AND REMANDED.
VAN NORTWICK and PADOVANO, JJ., concur.