In the Matter of the Estate of WALTER N. HELVESTON, *Absentee, in re.* the Claim of D. J. HOBBS Against the Receiver and Against LOT 3, BLOCK 120, OF THE CITY OF PUNTA GORDA.

Division B.

Opinion filed November 28, 1928.

*J. H. Hancock* and *Thomas J. Ellis*, Attorneys for Appellant;

No appearance.

BUFORD, J.—In this case the appellant Hobbs filed his petition in the circuit court of Charlotte County alleging his claim against J. J. Helveston as receiver of the estate of Walter N. Helveston, absentee. The pleadings disclose that the claim is based upon the performance of labor and the furnishing of material in the construction of a dwelling house on Lot 3 Block 120 in the City of Punta Gorda, in the sum of $544.76, at the request of Walter N. Helveston, absentee, and appellant claimed a statutory lien for his alleged services and material furnished. The claim was

referred to S. F. J. Trabue as special master by order of court, with directions to take and report the evidence relating to the merits thereof, together with his recommendations thereon. Evidence was taken before the master and he filed the testimony and exhibits with his report, finding that the appellant "in privity with and at the request of Walter N. Helveston, absentee, and owner of the lot referred to, performed labor and furnished material in the construction of a certain dwelling house and other buildings on said lot" to the amount claimed. That all of said amount was still due and unpaid, and the master accordingly recommended entry of a decree in favor of the claimant to provide for payment of same by the receiver and for sale of the property upon default to pay.

Exceptions were filed to the master's report. The record discloses that the receiver contended that the claim was *res adjudicata* and that aside from this the evidence showed no privity with the owner or his receiver.

The contention that the claim was *res adjudicata* was based on the fact that Hobbs had been made a party defendant in another suit, but the record discloses that the suit was dismissed as to Hobbs prior to the final decree therein and the final decree in that suit recites "and the defendant D. J. Hobbs having been dismissed as a party to this suit at the instance of the plaintiff" and nowhere in the decree in that case are the rights or claims of D. J. Hobbs adjudicated. Therefore, that decree was not in any manner binding upon D. J. Hobbs, nor did its entry preclude Hobbs from litigating his claim in a separate action, which he did.

The decree of the chancellor adjudicated the equities to be with the defendant; that the claim of Hobbs was without merit and that the same be disallowed and held null and void; that the purported lien claimed by Hobbs was

null and void and without force and effect and the record thereof was ordered cancelled.

A careful perusal of the evidence and exhibits discloses that if Hobbs had the legal right to maintain his suit against the receiver and the property involved he was clearly entitled to the relief prayed as against the receiver and the property against which the claim was sought to be enforced. The determination of the question of the right of Hobbs to maintain his suit is controlled by the opinion of this Court in what might be termed a companion case entitled, "In The Matter of the Estate of Walter N. Helveston, absentee, In Re Claim of D. J. Hobbs against Lot 2, Block 120," opinion filed August 1st, 1928, and reported in 117 So. R., page 334. In harmony with that opinion and judgment, we must hold that such right did exist.

For reasons stated, the decree and orders appealed from are reversed with directions for further proceedings not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.