CITY OF CORAL GABLES, UNIVERSITY OF MIAMI, AMERICAN FIRE & CASUALTY COMPANY, and AMERICAN UNDERWRITERS, INC., v. W. W. BLOUNT, AETNA CASUALTY & SURETY COMPANY, AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, and TWIN COACH CORPORATION.

178 So. 554.

Opinion Filed January 7, 1938.

Rehearing Denied February 16, 1938.

*Hawthorne & Morehead* and *Morton B. Adams,* for Appellants;

*Blackwell & Walker* and *A. Y. Clement,* for Appellees.

PER CURIAM.—The appeal herein was taken from the following order made in a chancery cause by one of the Judges of the Eleventh Judicial Circuit of Florida, in and for Dade County:

"ORDER ON PETITION FOR SUIT TO CONTINUE IN DIVISION OF COURT IN WHICH FILED

"This cause comes on to be heard upon the petition of the complainant that said cause continue to be heard by the undersigned Judge.

"The bill of complaint seeks a permanent injunction to enjoin the enforcement of a judgment obtained in a cause over which the Honorable H. F. Atkinson presided throughout as Judge, and the said Judge Atkinson having consented to handle this equity cause and being senior and presiding Judge of this Court, and the undersigned Judge being fully agreeable to said cause being heard by the said Judge H. F. Atkinson, doth refuse to make further order upon said petition and to such extent same is denied.

"DONE AND ORDERED in Chambers, at Miami, Florida, this 18th day of November, A. D. 1935.

"PAUD D. BARNS, *Circuit Judge.*"

Article V of the Constitution of Florida contains the following:

"The circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts." Sec. 11.

"Wherever there are two or more Circuit Judges appointed for a circuit, the business may be divided among the Circuit Judges having jurisdiction in the circuit, and in any county in the circuit as may be prescribed by law, and where no provision has been made by law, the distribution of the business of the circuit between the Circuit Judges of the Circuit, and of any county in the circuit, and the allotment or assignment of matters and cases to be heard, decided, ordered, tried, decreed or adjudged, shall be controlled or made when necessary by the Circuit Judge holding the commission earliest in date." Sec. 43.

It appears that the four Circuit Judges of the Eleventh Judicial Circuit adopted the following rules:

### IV.

"There shall be four divisions of the Circuit Court to be known as Divisions "A," "B," "C," "D.""

### V.

"When a judge is absent or is assigned for trial work, he shall give such his exclusive time, and urgent matters of his division shall fall to the other judges."

Such rules adopted by the four Circuit Judges are for their convenience in facilitating the disposition of the business of the Circuit Court. The rules do not affect the constitutional jurisdiction of each Circuit Judge in the Judicial Circuit. Each of the Circuit Judges may exercise all the powers of the Circuit Court, in the absence of controlling organic or statutory provisions; and there are now no such provisions affecting the matter here considered, except those contained in Section 43, Article V, above referred to.

It cannot "be justly said that any one individual judge of a circuit having more than one judge, acquires any prescriptive jurisdiction to make all the orders in any one particular case, to the exclusion of the authority or power of the other judge to assume and exercise jurisdiction in that same case when the exercise of jurisdiction is properly invoked in such case and such other judge has the parties and papers before him for that purpose at the time he takes action judicially." State, *ex rel.,* v. Freeland, 103 Fla. 663, text page 668, 138 So. 27. See also State, *ex rel.,* v. Atkinson, 116 Fla. 366, 156 So. 726.

It is contended for the appellants that Judge Barns is familiar with the matters involved in the suit and should further hear the cause, and that notice should have been given to opposing counsel of an application to have the cause heard by Judge Atkinson. Opposing counsel did give notice to counsel for the appellants that a motion to dissolve the temporary injunction and other motions in the cause would be presented to Judge Atkinson at a stated time therein. Thereafter a "petition for suit to continue in division of court in which filed" was filed and such petition was denied as stated in the order above quoted made by Judge Barns, which is the basis of this appeal.

There is in this State no organic or statutory provision dividing or authorizing the four Circuit Judges to divide the Court for the Eleventh Judicial Circuit into divisions. In the absence of statutory provisions, the Circuit Judge holding the commission earliest in date has authority under Section 43, Article V, above quoted, to distribute when necessary the business of the Circuit Court and to allot or assign matters and cases to be adjudicated. But there is no authority conferred upon the Judges of the Circuit to divide the court into divisions in such a manner as to

affect the jurisdiction of the court or to allot or assign matters or cases to be adjudicated so as to affect the jurisdiction conferred by law upon the Circuit Judges.

In this case there had been no judicial assignment of the case to Judge Barns, and even if it was necessary, under the above quoted provision from Section 43 of Article V, for "the Circuit Judge holding the commission earliest in date" to assign the case to authorize himself or another Judge of the Circuit to make orders and decrees in the cause, after the original order in the cause had been made by Judge Barns, the cause was in effect assigned when Judge Atkinson, the presiding Judge, took the case for hearing and decision with the consent of Judge Barns, even though the clerk of the court had filed the papers in the cause so that they would in "sequence" go to Judge Barns, and even though Judge Barns had granted a temporary injunction in the cause, which injunction it is now sought to have dissolved by Judge Atkinson, the Presiding Judge of the Eleventh Judicial Circuit, and even though Judge Atkinson rendered the judgment at law to which the injunction relates.

In Morris v. McElroy, Circuit Judge, 219 Ala. 369, 122 So. 606, 608, the subject was controlled by statute which provides for divisions of the Circuit Court and for assignments of cases to Judges by numbers. In the Missouri and other cases cited by counsel for appellants, the Constitution and statutes of the State provide for divisions of the court or for the division of cases among different Judges or all of the Judges of the particular court. There are no organic or statutory divisions of the Circuit Courts in this State.

Affirmed.

Ellis, C. J., and Whitfield, Terrell, Brown, Buford, and Chapman, J. J., concur.