PER CURIAM.
We do not reach the merits of these consolidated interlocutory appeals because we find that we do not have jurisdiction.
The appellant attempts on appeal to have reviewed two orders rendered in a common law action which he recognizes as being interlocutory. It is his contention, however, that the orders relate to questions of jurisdiction over the plaintiff and therefore come within Florida Appellate Rule 4.2, 31 F.S.A., which provides that interlocutory appeals may be taken from orders entered at law relating to jurisdiction over the person. Neither of the orders here sought to be appealed fall within the class of appeal-able interlocutory orders provided for in the rule.
Jurisdiction is the power conferred on a court by the sovereign to take cognizance of the subject matter of a litigation and the parties brought before it and to hear and determine the issues and render judgment. It is not dependent upon the correctness of the decision rendered. Jurisdiction of the person is obtained by service of process or voluntary submission in order that a person may be heard. The appellant voluntarily submitted his person to the jurisdiction of the court seeking a decision that an insurance company could not sue á third party tortfeasor in the name of appellant (Case #4842) and, conversely, that appellant could bring a second action in his own name against the same tort-feasor while the first suit was still pending (Case #4841). These interlocutory orders relate to the right of the appellant to maintain an action but they do not relate to the court’s jurisdiction over his person. The rights of a party are not synonymous with jurisdiction over his person. Malone v. Meres, 1926, 91 Fla. 709, 109 So. 677.
An appropriate order will be entered in each case granting appellee’s motion to dismiss.
SMITH, C. J., and SHANNON and WHITE, J., concur.