CARROLL, Judge.
These are interlocutory appeals from an order of the circuit court in one cause removing a receiver and appointing another therein, and an order appointing the latter as receiver in a second suit.
*479 Gaines Construction Co., Inc., a judgment creditor of Carol City Utilities, Inc. filed suit in the circuit court of Dade County and applied for appointment of a reciever under § 55.24 Fla.Stat., F.S.A. Prior to a hearing on that application, Bankers Life and Casualty Company filed a suit in the same court to foreclose a mortgage against the utility company and applied for appointment of a receiver. That case fell in a division of the court presided over by another judge, who then appointed as receiver one Mary Ann Harmon, who was an employee of the defendant utility company.
Thereafter, the judge in whose division the creditor’s suit was filed entered the orders appealed from in the two suits, after hearing, removing Mary Ann Harmon as receiver in the foreclosure suit, and appointing one Cliff Herrell as receiver in her place in that suit, and appointing the said Herrell as receiver for the utility company in the suit filed by the judgment creditor.
We have considered the contentions of the appellants that the entry of those orders was error and represented an abuse of discretion, and we find these contentions to be without merit, and that no reversible error has been made to appear.
The arguments of the appellants that error was committed by shunting the foreclosure suit from one judge of the circuit court to another judge of that court, and that the latter was not entitled to disturb the appointment of a receiver made by another judge of the court are unsound. Each has all the power and may perform all the duties prescribed for circuit judges, and the decision of one judge is the decision of the court. State ex rel. Brooks v. Freeland, 103 Fla. 663, 138 So. 27; United American Ins. Co. v. Oak, 123 Fla. 159, 166 So. 547, 551; City of Coral Gables v. Blount, 131 Fla. 36, 178 So. 554, 555. The matter of shunting causes from one judge to another in such a court is one of internal administration of that court, and does not affect the validity of the orders entered. The judge in whose division the creditor’s suit and application for receiver were pending did not vacate the order appointing receiver which had been entered by another judge of the court in the separate foreclosure suit, but only substituted a different receiver for the one initially appointed therein. In view of a degree of interrelation of the two causes, we are not persuaded it was inappropriate for the two suits to be progressed under the direction of a single judge of the circuit court, although it would have been more orderly for an order of transfer or consolidation of the causes into one division to have been entered.
Removal of the receiver first appointed in the foreclosure suit and substitution of another receiver in her place was not for any misconduct or personal disqualification of the former, but appears to have been prompted by the fact that the receiver first appointed was an employee of the defendant utility company and because it appeared more appropriate to the chancellor to have the same receiver act in such capacity in the two causes. The initial application for receiver had been made and was pending before the judge in whose division the creditor’s suit was filed and he concluded, and so stated in the record, that the application for appointment of Mary Ann Harmon as receiver without notice in the foreclosure suit was an attempt to circumvent the prior application for appointment of a receiver of the corporation in the creditor’s suit. In the circumstances presented, the matter was one under the control of the circuit court, and we have been shown no sound basis for disturbing the orders entered, which are the subject of these appeals.
Affirmed.