323 So.2d 623 (1975)
STATE of Florida ex rel. Amidi ZUBERI, Relator,
v.
Richard P. BRINKER, Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, and Honorable Gene Williams, Administrative Judge, Circuit Court, Criminal Division of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondents.
No. 75-1280.
District Court of Appeal of Florida, Third District.
December 16, 1975.
Rex Ryland, Jr., Miami, for relator.
Robert L. Shevin, Atty. Gen., Gus Efthimiou, Jr., Miami, Richard E. Gerstein, State's Atty., and Janet Reno, Asst. State's Atty., for respondents.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
This is a mandamus proceeding to require the respondents to comply with certain local court rules. Following the filing of the petition, we issued the alternative writ. We have reviewed the returns to the writ, original briefs, and directed the filing of supplemental briefs.
This cause arises out of the following circumstances. Subsequent to the effective date of the revised judicial Article V to the State constitution, the judges of the Eleventh Judicial Circuit in and for Dade County, Florida, promulgated certain local court rules which they duly submitted to the Supreme Court of Florida for approval pursuant to Rule 1.020(e), R.C.P.[1] Local *624 Rule 2 provided for the assignment of cases in a random or blind fashion.[2] Prior to August of 1974, this rule was complied with in the random filing of cases in the Criminal Division of the Eleventh Judicial Circuit, and once a case was blindly assigned to a trial judge within the Criminal Division it stayed with said judge unless reassigned pursuant to another local rule.[3]
However, in August of 1974, the Administrative Judge of the Criminal Division [the respondent Williams] promulgated a Directive changing the method of assignment of cases in the Criminal Division for trial, in effect creating what is termed a Master Calendar, for one-half of the cases that are filed in the Criminal Division.[4] This Directive, creating the so-called Master Calendar, was not submitted to the Supreme Court of Florida for approval, it being the contention of the respondents that they were not required to do so. Subsequent to the adoption of the Master Calendar, the relator in the instant *625 case was charged with a felony in the Circuit Court of the Eleventh Judicial Circuit. The matter was duly filed in the Criminal Division and was one of those cases assigned to the Master Calendar.
This action was subsequently instituted by the relator, seeking to have his case assigned under the random or blind filing rule and contending that the adoption of the so-called Master Calendar Directive deprived him of the selection of a trial judge by a random method and submitted his case to being tried by a judge arbitrarily selected by the Master Calendar Assignment Judge.[5]
Under the original blind assignment rule, as approved by the Supreme Court of Florida, a criminal defendant was assured of the fact that there would be no arbitrary action in the selection of a judge to try his particular case and that, barring a reassignment pursuant to Rule 5, supra, the cause as originally randomly assigned to a judge in the Criminal Division would remain there. However, in that percentage of cases which are assigned to the Master Calendar system [by the very wording of the Directive] the trial judge who will ultimately determine the case of a criminal defendant is selected not in a random fashion but by direct assignment by the Master Calendar Assignment Judge. This is not to say that the Master Calendar Assignment Judge will arbitrarily assign a particular defendant to a particular judge, but it is to say that this system differs from that as approved by the Supreme Court of Florida in the ratification of the random system rule [Rule 2, supra], and gives an opportunity for concern about arbitrary action in assignment in the Master Calendar segment of the felony cases for a trial. We do not find arbitrary action on the part of the Master Calendar Assignment Judge; we only find the opportunity exists under the rule as approved by the Supreme Court.
It is not the function of this court to determine which is the better system[6] for the trial judges of the Eleventh Judicial Circuit to adopt; it is only our function to determine that all defendants charged with felonies be treated alike, in *626 accordance with the local rule approved by the Supreme Court. Therefore, until such time as the judges of the Eleventh Judicial Circuit adopt [in accordance with Rule 1.020(e), R.C.P., supra] a new rule providing for assignment of felony matters, defendants charged with felonies shall be accorded the procedures afforded them under local Rule 2, supra, relating to random selection of assignment. Compare City of Coral Gables v. Blount, 131 Fla. 36, 178 So. 554.
We will refrain from issuing the preemptory writ in the confidence that the respondent Williams will carry out the mandate of this opinion without the necessity of same.
NOTES
[1] Local Rules. Local rules concerning, but not limited to creation of divisions of courts, the division of work among judges, assignment of actions, removal and return of court files, and the scheduling and location of proceedings, and other administrative procedures necessary for the efficient operation of all courts within the circuit, except municipal courts, may be adopted, if consistent with these rules, to become effective after approval by the supreme court. Requests for the adoption of local rules shall be filed, without cost, with the clerk of the supreme court."
[2] Rule 2 reads in part as follows:

"Assignment of Cases. All cases filed in the Criminal Division of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, shall continue to be assigned to the various Sections of this Court by the Clerk thereof under the `blind filing system' presently utilized in making such assignments or any similar method which will result in such cases being filed equally among the various Sections of the Court in an unpredictable manner."
* * * * *
[3] 5 Reassignment of Cases. After the initial assignment of cases to the individual Judges by the Clerk under the blind filing system, there shall be no transfer of cases from one Section to another except through the Administrative Judge or, in his absence, an Acting Administrative Judge.
"Whenever it appears to a Judge that a case should be transferred from his Section by reason of recusal or disqualification of the Judge or for any other reason upon good cause being shown to the Administrative Judge, such case shall be brought to the attention of the Administrative Judge by one of the following methods:
(1) The transferring Judge shall instruct the Clerk to place the case upon the calendar of the Administrative Judge for the following day for re-assignment.
(2) If it appears in the best interest of justice that an immediate transfer be made, the transferring Judge shall immediately send the file to the Administrative Judge, who shall take the proper action as soon as practicably possible."
[4] This Directive reads, in part, as follows:
"Directive August 6, 1974
"To: All Concerned Parties and Agencies
"Re: Master Calendar Plan Effective
 Date: August 19th, 1974
"From: Gene Williams, Administrative Judge
 Criminal Division, Circuit Court

* * * * *
"Effective the above date, the Criminal Division of the Circuit Court will institute a new assignment and calendaring procedure involving some Sections of the Criminal Division, as follows:
1. All Judge Satin's pending cases shall be transferred to Judge Gene Williams' Section (except those cases in which defendants have been found guilty and not sentenced).
2. Thereafter, all new cases which would formerly have been assigned to Judge Satin's Section shall be assigned to Judge Williams' Section. (In other words, the two Sections will be combined and all cases will be initially processed by Judge Williams.)
3. Create two (2) new Sections, to wit: Harold G. Featherstone Arden M. Siegendorf
4. No cases shall be assigned to those Sections except specially by Judge Williams for trial or otherwise."
* * * * *
On March 26, 1975 an additional Directive was issued by respondent Williams, which provides in part as follows:
* * * * *
"* * * all cases assigned to the Master Calendar Section shall specify, `MASTER CALENDAR SECTION,' in all appropriate places rather than Judge Williams, Judge Cowart or otherwise, except and until the Master Calendar Assignment Judge assigns a case to a Judge in the Master Calendar Section for trial or other final disposition. * * *"
* * * * *
[5] Following argument and the submission of the original briefs in this case, we directed counsel to file supplemental briefs addressed to the following question: "In the assignment of criminal cases for pretrial matters and trials, is it not a violation of the equal protection provisions of the State and Federal constitutions to treat one group of defendants different from another?"

We have now considered those briefs, as filed by respective counsel, and have come to the conclusion that it may be a denial of equal protection of the law, as provided for the protection of the citizens of this State by the State and Federal constitutions, for felony defendants in the Criminal Division of the Eleventh Judicial Circuit to be treated in two different methods. However, we do not need to reach this point because this matter may be settled on the simple issue that the Supreme Court of Florida has not approved the Directive establishing a Master Calendar for one-half of the felony cases in the Eleventh Judicial Circuit.
[6] There are arguments to be made for both systems. The blind assignment of cases, where a cause remains with an individual judge from its filing through final hearing and disposition, enables one judge to be familiar with the entire matter which should hasten a matter to conclusion. It also enables the public to determine if a particular trial judge is discharging his responsibilities of office with a reasonable degree of dispatch. There are other arguments that in a large metropolitan area, in order not to inconvenience witnesses and jurors, that as cases mature a pool of judges should be available through a Master Calendar system in order that as the cases are ripe for decision an assignment judge may designate a particular judicial officer to conduct the trial of the matter regardless of whether or not he has had any previous connection with the cause. As previously indicated, it is not the function of this court to dictate our individual preferences to the trial judges of the Eleventh Judicial Circuit; this is a decision that is to be made subject to the approval of the Supreme Court of Florida. Our only concern is that whatever system they adopt all felony defendants be treated alike.