McDONALD, Chief Justice.
Prompted by an escalating increase in new case filings that exceeded their projections, some of the district courts of appeal have requested that this Court certify a need for additional judicial manpower. This Court originally intended to defer any such certification until 1988, but we are satisfied that should we wait the quality of work of the district courts of appeal would likely suffer, resulting in jeopardizing the appropriate appellate review of litigants’ claims.
For the vast majority of cases, the decisions of the district court of appeal are final. Thus, careful analysis and consideration need to be given by the judges to the merits of each case. Moreover, this Court considers for review only written opinions of the district courts of appeal; hence, in cases of statewide importance, statutory construction, and those dealing in issues which conflict with the views of another district court of appeal a well-reasoned and clearly written opinion is important. To assure that quality work can be produced, appropriate manpower and tools must be afforded the district courts. The legislature has recently graciously permitted the purchase and use of word processors, computer-aided research, and computerized case management. It has added to the judicial research staff. These help and assist the judiciary in handling more cases per judge than before. But even with those aids, Florida’s growth and the resultant increase in case filings at all levels clearly demonstrate that the time has arrived for additional judicial manpower to be added to the district courts. Adequate reflective and deliberative time must be afforded the individual judges.
Eight years ago the Supreme Court Appellate Review Commission found an appropriate case load for an appellate judge to be 250 case filings per judge. Experience has taught us that a district court of appeal judge can exceed, and consistently has exceeded, this number. In 1986 the district courts had an average disposition rate of 317 cases per judge. The first district had an average of 276 per judge while both the third and fifth districts had average dispositions of 371 per judge. Despite this productivity, case filings in 1986 exceeded dispositions, and 1987 projected filings demonstrate an expected increased deficit of filings over dispositions. The projected filings are conservative, the 1986 projections were understated, and it is our belief that the filings in the district courts will at least meet, and probably exceed, by a small margin, the 1987 projection.
In our judgment a statewide standard of 325 case filings per judge is a substantial and heavy load. This is probably excessive in some districts such as the first whose specialized appellate jurisdiction seemingly precludes as high a disposition rate as the other districts. Nevertheless, utilizing this figure (325) as a criteria there should currently be, based on 1986 actual filings, an additional judge in the fourth, fifth, and *596 third districts. Based on 1987 projected filings, an additional judge is currently needed for both the second and fourth districts.
The First District Court of Appeal has also suggested to us the need for an additional judge. This may well be, but we cannot document it on a filings per judge basis which, as a matter of expediency, we adopt for the purpose of our conclusion in this case. With the gathering of additional data in all likelihood a certification for 1988 will be made for the first district.
Accordingly, this Court certifies to the legislature an immediate need for one additional district court of appeal judge each for the Fourth, Fifth, and Third District Courts of Appeal to begin July 1, 1987. We certify a need for a second additional judge for the Fourth District Court of Appeal and an additional judge for the Second District Court of Appeal to begin January 1, 1988. We respectfully request the legislature to approve and fund these judges with the attendant necessary staff.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.