DANIEL, Judge.
The father of F.B., a four year old child, appeals an order dismissing his petition seeking to have her declared a dependent child. The father alleged in his petition that the child had been left unattended at her mother’s home, that the child had been subjected to sexual abuse by the mother and the mother’s male live-in companion, that the mother had prevented the child from being examined by a doctor for suspected sexual abuse, and that the mother had greatly limited his visitation with the child.
The mother filed an answer denying misconduct and alleging that the father had failed to follow the trial court’s order concerning visitation rights. The mother also averred in her answer that the dependency petition was another attempt by the father to seek custody.
Following a hearing, the trial court entered its order, the pertinent portion of which stated:
After considering all information presented in this cause, the Court finds it is without jurisdiction.
IT IS THEREUPON ORDERED that this Petition be, and the same is hereby, dismissed for lack of jurisdiction, and any further proceedings necessary in the best interest of the child will take place before Judge Waddell.[1]
The father contends that it was error for the trial court to dismiss his petition for lack of jurisdiction. We agree and reverse.
Section 39.40, Florida Statutes (1987) provides that jurisdiction over dependency proceedings lies in the circuit courts:
39.40 Procedures and jurisdiction.—
******
(2) The circuit court shall have exclusive original jurisdiction of a proceeding in which a child is alleged to be dependent and shall have jurisdiction for the judicial review, pursuant to part IV of this chapter, of a child voluntarily placed with a licensed child-caring agency, a licensed child-placing agency, or the department. When the jurisdiction of any child who has been found to be dependent is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 18 years of age.
In In the Interest of Peterson, 364 So.2d 98 (Fla. 4th DCA 1978), our sister court explained that the circuit court has jurisdiction over all matters concerning the custody and welfare of children:
All circuit court judges have the same jurisdiction within their respective circuits. A judge in the probate division or the juvenile division or the civil division or the criminal division has the authority and jurisdiction to hear cases involving child custody or dependency. The inter *900 nal operation of the court system and the assignment of judges to various divisions does not limit a particular judge’s jurisdiction.
364 So.2d at 99.
In the present case, the father had the authority to initiate the petition and the trial court had jurisdiction over the child, the parents, and the subject matter. Accordingly, the order dismissing the dependency petition is reversed and the matter remanded to the trial court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
DAUKSCH and COWART, JJ„ concur.

. According to the record on appeal, Judge Waddell presided over the parties’ dissolution proceedings.