600 So.2d 479 (1992)
Stephen WILLIE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2795.
District Court of Appeal of Florida, First District.
May 20, 1992.
*480 Appellant pro se.
No appearance for the State.
WEBSTER, Judge.
We review an order denying appellant's motion, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, seeking post-conviction relief. The sole ground raised by appellant in his motion is that the trial court lacked jurisdiction to adjudicate him guilty and to sentence him as an habitual felony offender. Finding appellant's argument to be without merit, we affirm.
Effective January 1, 1989, a new felony division was created within the circuit court for Duval County, in the Fourth Judicial Circuit. This new division was created by an administrative order issued by the chief judge of the Fourth Circuit, as part of a "career criminal pilot project." See In re Certification of Judicial Manpower, 521 So.2d 116, 118 (Fla. 1988). The division was intended to facilitate implementation of prioritized "investigation, apprehension, and prosecution of career criminals," as contemplated by Chapter 88-131, Laws of Florida, Sections 3 through 5 (now Sections 775.0841 through 775.0843, Florida Statutes). The division became known as the Career Criminal Division. Pursuant to the administrative order creating the division, any defendant charged with arson, robbery, kidnapping, aggravated battery, murder, manslaughter, burglary of a dwelling, unlawful placing of bombs or trafficking, sale, manufacture, delivery or distribution of a controlled substance, alleged to have occurred after January 1, 1989; who qualified as either an habitual violent felony offender pursuant to Section 775.084(1)(b), Florida Statutes, or as an habitual felony offender pursuant to Section 775.084(1)(a), Florida Statutes, based upon two prior convictions for trafficking, sale, manufacture, delivery or distribution of any controlled substance; was to be assigned to the Career Criminal Division upon certification by *481 the state attorney's office that the defendant met those criteria.
Sometime late in 1989, appellant was charged with a burglary of a dwelling, alleged to have occurred earlier in 1989. Pursuant to the provisions of the administrative order, appellant's case was assigned to the Career Criminal Division. (Appellant does not claim that he did not meet the criteria set forth in the administrative order.) A relatively short time after he had been arraigned, appellant entered into discussions with the state, which resulted in a written negotiated plea of guilty to the burglary charge. The terms of the agreement were that, in return for his plea of guilty, appellant would be adjudicated guilty of burglary of a dwelling and sentenced to thirteen years in prison as an habitual felony offender, and the state would withdraw its previously filed notice seeking to have appellant treated as an habitual violent felony offender. The trial court accepted the plea agreement; adjudicated appellant guilty of burglary of a dwelling; and sentenced appellant to thirteen years in prison, as an habitual felony offender. (Appellant does not contend that he did not meet the requirements for classification as an habitual felony offender. It appears from the record that, in the five years immediately prior to the commission of the offense for which he was sentenced, appellant had been convicted of unarmed robbery, sale of cocaine and burglary of a structure.)
Appellant argues that the trial court lacked jurisdiction to adjudicate him guilty and to sentence him because the Career Criminal Division had been created in violation of law. His argument can be summarized as follows: Article V, Section 7, of the Florida Constitution, states that "[a]ll courts except the supreme court may sit in divisions as may be established by general law." Section 43.30, Florida Statutes (1989), stated that "[a]ll courts except the Supreme Court may sit in divisions as may be established by local rule approved by the Supreme Court." The Career Criminal Division was created by an administrative order issued by the chief judge of the Fourth Circuit, rather than by a "local rule approved by the Supreme Court." Therefore, pursuant to City of Coral Gables v. Blount, 131 Fla. 36, 178 So. 554 (1938), "the Career Criminal Division was illegally formed and all proceedings within it were [v]oid." Appellant's argument is flawed by a fundamental misperception regarding the concept of jurisdiction.
"Jurisdiction is the power conferred on a court by the sovereign to take cognizance of the subject matter of a litigation and the parties brought before it and to hear and determine the issues and render judgment." Dyer v. Battle, 168 So.2d 175, 176 (Fla. 2d DCA 1964). Accord Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982); Deeb, Inc. v. Board of Public Instruction of Columbia County, 196 So.2d 22 (Fla. 2d DCA 1967). In Florida, at the time appellant was adjudicated guilty and sentenced, this "power" was conferred on the circuit courts by Article V, Section 5, of the Florida Constitution, and by Section 26.012, Florida Statutes (1989). Of particular relevance to this case is the fact that Section 26.012(2)(d), Florida Statutes (1989), specifically vested in the circuit courts of this state "exclusive original jurisdiction ... [o]f all felonies... ."
"[I]t is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto." Kruckenberg v. Powell, 422 So.2d 994, 996 (Fla. 5th DCA 1982). Thus, "[a]ll circuit judges are empowered to hear and determine any case properly within [that] court's jurisdiction." Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990). While circuit courts are often divided into divisions for purposes of administrative efficiency, the assignment of a circuit judge to a particular division does not limit that judge's jurisdiction; he or she continues to possess the authority to exercise the full power conferred on the circuit courts by the state. See, e.g., Kruckenberg v. Powell, supra; Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982). For example, "[a] judge in the probate division or the juvenile division or the civil division or the criminal division has the authority and jurisdiction to hear cases involving *482 child custody or dependency." In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978). See also In the Interest of F.B., 534 So.2d 899 (Fla. 5th DCA 1988) (judge assigned to juvenile division has jurisdiction to hear post-dissolution custody dispute); Grossman v. Selewacz, supra (judge assigned to civil division has jurisdiction to hear probate matter); In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977) (judge assigned to probate division has jurisdiction to hear civil matter).
City of Coral Gables v. Blount, supra, upon which appellant relies, is perfectly consistent with the preceding analysis. In that case, the Eleventh Judicial Circuit had divided itself by local rule into four divisions. Appellants had filed a suit in equity, which was assigned to one division of that court, seeking to enjoin enforcement of a final judgment entered by another division of that court. A temporary injunction was entered by the judge into whose division the suit in equity had fallen. When appellees informed appellants that they would seek to have the judge in whose division the judgment had been entered set aside the injunction, appellants filed in the equity proceeding a petition requesting that the suit remain in the division to which it had been assigned. The judge into whose division the equity proceeding had fallen denied the petition, and appellants appealed. The Supreme Court affirmed. Noting that the circuit had divided itself into divisions by local rule, the Court said:
Such rules adopted by the four Circuit Judges are for their convenience in facilitating the disposition of the business of the Circuit Court. The rules do not affect the constitutional jurisdiction of each Circuit Judge in the Judicial Circuit. Each of the Circuit Judges may exercise all the powers of the Circuit Court... .
131 Fla. at 38, 178 So. at 555.
At the time of appellant's sentencing, Section 26.012(2)(d), Florida Statutes (1989), vested in the circuit courts of this state "exclusive original jurisdiction ... [o]f all felonies... ." Therefore, as discussed above, every circuit judge in the state possessed the power to preside over and to make rulings in felony cases, regardless of the division, if any, to which he or she might have been assigned within his or her circuit. More particularly, in this case the circuit judge who received appellant's plea and adjudicated appellant guilty and sentenced him clearly had the power to do so, regardless of whether the Career Criminal Division had been created in strict compliance with applicable law.
The foregoing discussion is critical to the outcome of this appeal because appellant neither raised the issue of the propriety of the creation of the Career Criminal Division in the trial court before sentencing, nor took a direct appeal. Rule 3.850, Florida Rules of Criminal Procedure, expressly prohibits its use to seek "relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." However, the doctrine of fundamental error operates as a narrow exception to the general prohibition contained in Rule 3.850. To be a fundamental error, the error must be one which amounts to a denial of due process of law. See, e.g., Sochor v. State, 580 So.2d 595 (Fla. 1991); Ray v. State, 403 So.2d 956 (Fla. 1981). A fundamental error may be raised for the first time at any point, including in a post-conviction proceeding. See, e.g., Bell v. State, 585 So.2d 1125 (Fla. 2d DCA 1991); Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla. 1986). Lack of subject matter jurisdiction has been held to constitute such a fundamental error. See, e.g., Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Page v. State, 376 So.2d 901 (Fla. 2d DCA 1979).
For the reasons discussed above, the issue raised by appellant does not relate to the trial court's jurisdiction to adjudicate appellant guilty and to sentence him as an habitual felony offender. Rather, the issue raised merely concerns the propriety of the creation of the Career Criminal Division. Because the issue raised does not involve any fundamental error, appellant *483 was obliged to have raised it in the trial court. Having failed to do so, he may not raise it for the first time in a post-conviction proceeding.
AFFIRMED.
SMITH and ZEHMER, JJ., concur.