WEBSTER, J.
The Department of Revenue seeks review of a final judgment granting Benjamin Pelsey’s contest to a notice of intent to levy on funds on deposit in a credit union account in Pelsey’s name, and to apply those funds against an outstanding child support obligation, pursuant to section 409.25656, Florida Statutes (1997); and directing the Department to repay to Pelsey the sum obtained by the levy. According to the Department, the trial court committed reversible error because (1) it lacked subject matter jurisdiction and (2) it incorrectly determined that the funds were exempt from levy because Pelsey intended to use them to renovate a house, which he then intended to reside in as his homestead. We conclude that the trial court possessed subject matter jurisdiction. However, we conclude, further, that because the funds in Pelsey’s credit union account were not exempt from levy, the trial court erred when it granted Pelsey relief. Accordingly, we reverse.
I.
On September 2, 1998, a consent final judgment of paternity was entered holding that Pelsey was the father of a minor child. That judgment required Pelsey to pay child support. It also established “[a] retroactive child support obligation of $19,776.00.”
On April 29, 1999, Pelsey closed on a •mortgage loan with a commercial lender. He received $20,354.61, which he deposited into a credit union account in his name. On May 8, 1999, Pelsey received notice that the Department intended to levy on the funds in that account to satisfy in part a past-due child support obligation of $28,305.54. On May 27, 1999, Pelsey filed a document titled “Petition for a Formal Hearing” in the paternity action. In that document, Pelsey disputed the Department’s right to levy on the funds, and requested a formal hearing to resolve that issue. A copy of the petition was served on the Department.
The Department entered its appearance, and in due course Pelsey’s contest to the notice of intent to levy was set for a hearing before a child support hearing officer. The Department never asserted in the trial court that subject matter jurisdiction was lacking.
At the hearing, the parties stipulated that the Department had actually levied on the account, received the funds and distributed them. Pelsey then testified that, when he obtained the loan, the mortgaged property was owned by him, but was vacant and uninhabitable. In fact, he testified that the property had been “condemned.” However, he planned to use the loan proceeds to “fix the house up,” after which he hoped to reside there with his family. (In his loan application, Pelsey had indicated that he intended to use the *631 property as an “investment,” rather than as a primary or secondary residence.) As of the hearing, which was held on September 29, 1999, Pelsey was still not living in the mortgaged property, and there is nothing in the record to suggest that he had ever done so. No serious effort was made to dispute the child support obligation. Rather, based upon Pelsey’s testimony, his attorney argued that the funds in the credit union account were exempt from levy because Pelsey intended to make the mortgaged property his homestead at some future date. The hearing officer agreed, and filed a report recommending that Pel-sey’s contest be granted. The trial court eventually adopted the hearing officer’s findings and recommendations; granted Pelsey’s contest; and directed the Department to repay the sum obtained by the levy. This appeal follows.
II.
The Department levied on the funds in Pelsey’s credit union account pursuant to section 409.25656, Florida Statutes (1997). That section permits garnishment by the Department, to satisfy certain past due child support obligations, of property owed or belonging to the child support obligor which is in the possession of a third party. § 409.25656(1), Fla. Stat. (1997). The process is begun by serving copies of a notice of intent to levy upon the party holding the property and the obligor. § 409.25656(7), Fla. Stat. (1997). The obligor may contest the notice of intent to levy either “by filing an action in circuit court” or by “fil[ing] a petition under the applicable provisions of chapter 120.” § 409.25656(8), Fla. Stat. (1997). However, “[a]n action may not be brought to contest a notice of intent to levy under chapter 120 or in circuit court, later than 21 days after the date of receipt of the notice of intent to levy.” § 409.25656(9), Fla. Stat. (1997).
It is undisputed that Pelsey received the notice of intent to levy on May 8,1999, and that he filed his “Petition for a Formal Hearing” some twenty days later, on May 27, 1999. However, the Department now argues that the circuit court lacked subject matter jurisdiction to consider Pelsey’s contest to the proposed levy because Pelsey filed a petition in the paternity action, rather than commencing a new action. We disagree.
“Jurisdiction is the power conferred on a court by the sovereign to take cognizance of the subject matter of a litigation and the parties brought before it and to hear and determine the issues and render judgment.” Dyer v. Battle, 168 So.2d 175, 176 (Fla. 2d DCA 1964). Accord Willie v. State, 600 So.2d 479 (Fla. 1st DCA 1992); Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982); Deeb, Inc. v. Bd. of Pub. Instruction of Columbia County, 196 So.2d 22 (Fla. 2d DCA 1967). “Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which the particular controversy belongs.” Lusker v. Guardianship of Lusker, 434 So.2d 951, 953 (Fla. 2d DCA 1983). “[I]t is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto.” Kruckenberg v. Powell, 422 So.2d 994, 996 (Fla. 5th DCA 1982). Thus, “[a]ll circuit court judges are empowered to hear and determine any case within th[at] court’s jurisdiction.” Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990). Here, there can be no dispute about the fact that, in section 409.25656(8), Florida Statutes (1997), the legislature has granted to the circuit courts the power to hear contests by obli-gors to notices of intent to levy served by the Department. Instead, the gist of the Department’s argument is that Pelsey failed properly to invoke the circuit court’s jurisdiction.
When we speak of invoking a court’s jurisdiction, we generally mean that (1) the indispensable parties to the controversy have been lawfully brought before the court; (2) the controversy has been brought before the court by an ap *632 propriate pleading; and, if the action is in rem, (3) the court has power or control over the res. Lovett v. Lovett, 96 Fla. 611, 112 So. 768, 776 (1927). Here, Pelsey’s “Petition for a Formal Hearing” was filed in a circuit court action. The petition included allegations sufficient to provide notice regarding the issues to be litigated. All indispensable parties to the dispute were properly before the court, and had an opportunity to be heard. The trial court ruled on the issues framed by the pleadings. Accordingly, we conclude that Pel-sey’s actions were sufficient to invoke the trial court’s jurisdiction. See, e.g., Fla. Power & Light Co. v. Canal Auth. of Fla., 423 So.2d 421 (Fla. 5th DCA 1982) (holding that the circuit court’s jurisdiction had been properly invoked in condemnation cases, notwithstanding procedural deficiencies in the petitions).
III.
The Department next argues that, assuming the trial court had subject matter jurisdiction, it incorrectly ruled that the funds in the credit union account were exempt from levy because Pelsey intended to use them to make repairs on a house, which he then intended to make his homestead at some future date. According to the Department, the funds were not protected by the constitutional provision relating to homesteads and, therefore, were subject to the levy. We agree.
Article X, section 4(a)(1), of the Florida Constitution provides that “a homestead”
shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty....
“ ‘[Ajctual occupancy of a home with intention to remain there and make it the home of the family, the place of their actual use and occupancy, is essential to the homestead right.’ ” In re Estate of Van Meter, 214 So.2d 639, 643 (Fla. 2d DCA 1968) (quoting Croker v. Croker, 51 F.2d 11, 12 (5th Cir.1931)), approved, 231 So.2d 524 (Fla.1970). Here, Pelsey is not claiming that the property mortgaged to obtain the funds levied upon was a homestead. Such a contention would be unavailing in light of the requirement that actual occupancy is essential to a homestead claim. Mere intent to make property one’s homestead in the future is insufficient to entitle one to the exemption. Drucker v. Rosenstein, 19 Fla. 191, 198 (1882).
Pelsey’s argument is that, because he intends to use the funds to repair the mortgaged property, which he then intends to reside in as a homestead, the funds are exempt from levy pursuant to article X, section 4(a)(1), of the Florida Constitution. He cites no authority to support his position, and our research has revealed none. Before the hearing officer, he cited Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962), in support of his position. There, the court held:
[T]he proceeds of a voluntary sale of a homestead [are] exempt from the claims of creditors just as the homestead itself is exempt if, and only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time.... [T]o satisfy the requirements of the exemption the funds must not be commingled with other monies of the vendor but must be kept separate and apart and held for the sole purpose of acquiring another home.
Id. at 206. The court’s justification for its holding was that such a conclusion was necessary to permit the head of a household a reasonable time to purchase a new home, and transfer homestead status to it, after selling the prior homestead. In do *633 ing so, however, the court reaffirmed its holding in Drucker:
We adhere to the rule that intent alone is not a sufficient basis for the establishment of a homestead. There must first be, as there unquestionably was in this case, property which meets the constitutional requirements of a homestead. In the Drucker case there was never any real property to which the homestead exemption could attach. In the instant case, on the other hand, the appellees had established and maintained a homestead up until the time of the sale. Having done so, the funds realized from such sale enjoy an exempt status provided the other requirements for such exemption as herein set forth are fully met.
Id. at 207.
Clearly (as Pelsey apparently now recognizes), the facts in Orange Brevard Plumbing & Heating are distinguishable. There, the funds that were going to be used to purchase another home had come from the sale of a homestead. Here, in contrast, the funds levied upon came from a commercial lender. No sale of a homestead was in any way involved; even the property mortgaged to secure the loan was not Pelsey’s homestead. We recognize that “the homestead exemption in article X, section 4 must be liberally construed.” Butterworth v. Caggiano, 605 So.2d 56, 58 (Fla.1992). However, to accept Pelsey’s position would greatly expand the scope of that provision, and would invite its use for fraudulent purposes, to defeat the legitimate claims of creditors. We are not prepared to reach a result so clearly at odds with important public policy considerations. Accordingly, we hold that the funds on deposit in Pelsey’s credit union account were not exempt from the Department’s levy pursuant to article X, section 4(a)(1), of the Florida Constitution. The trial court’s ruhng to the contrary is reversed, and the case is remanded with directions that the trial court set aside its judgment and enter judgment denying Pelsey’s contest to the levy.
REVERSED and REMANDED, with directions.
ERVIN and LEWIS, JJ., concur.